UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
ALFONSO SPRINGER,

        Petitioner,

-against-

WILLIAM POWERS, Warden,

        Respondent.
------------------------------------------------x

MEMORANDUM & ORDER
Case No. 05 CV 1835 (FB)

*Appearances:*
*For the Petitioner:*
ALFONSO SPRINGER, *Pro Se*
Inmate # 03-A-1601
Livingston Correctional Facility
Route 36, Sonyea Road
Sonyea, New York 14556-0049

*For the Defendants:*
CHARLES HYNES, ESQ.
District Attorney, Kings County
BY:   JOYCE SLEVIN, ESQ.
        Assistant District Attorney
Renaissance Plaza
350 Jay Street
Brooklyn, New York 11201-2908

**BLOCK, District Judge:**

    *Pro se* petitioner Alfonso Springer ("Springer") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his convictions in the New York Supreme Court, Kings County, for criminal possession of a controlled substance and drug paraphernalia. Springer claims that because the indictment charged him with the same crimes that had been contained in a prior felony complaint, which had been dismissed without prejudice, his conviction violated the Double Jeopardy Clause and the state court was deprived of subject matter jurisdiction. For the reasons set forth below, his petition is denied.

    It is well settled that "federal habeas relief is not available unless the [petitioner] has exhausted the remedies available in the courts of the State." *Jones v. Keane,*

329 F.3d 290 (2d Cir. 2003) (citing 28 U.S.C. § 2254(b)(1)(A)). Springer first raised this double jeopardy claim in a petition seeking a writ of *habeas corpus* in state court; the state court held that a *habeas* petition was the wrong procedural vehicle to raise the claim and dismissed it without prejudice. *See Springer v. Griambruno*, No. 03-1854 (N.Y. Sup. Ct. July 30, 2003). Subsequently, Springer raised the double jeopardy claim in a section 440.10 motion to vacate his judgment of conviction, which was denied as procedurally barred and without merit, *see* Resp't's Aff. in Opp. ¶¶ 29-30; however, it is unclear whether he ever sought leave to appeal the denial and thus, his claim may be unexhausted.[1] *See id.*

Nonetheless, the Court may deny it on its merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *Pratt v. Greiner*, 306 F.3d 1190, 1197 (2d Cir. 2002) ("A district court also may . . . deny a petition on the merits even if it contains an unexhausted claim."). Filing an indictment after an initial complaint has been dismissed neither, as Springer claims, violates the double jeopardy clause nor deprives the state court of subject matter jurisdiction, *see Serfass v. United States* 420 U.S. 377, 387 (1975) (Jeopardy does not attach until in a jury case, the jury is empaneled and sworn, or in a non-jury case, the first witness is sworn); accordingly, Springer is not entitled to *habeas* relief.

---

[2] A claim is fully exhausted once the Appellate Division has denied leave to appeal the denial of a § 440.10 motion because further leave to the Court of Appeals is not available. *See* N.Y. Rules of Court, Court of Appeals, § 500.10(a).

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Springer has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Dated: Brooklyn, New York
December 16, 2005